UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PHILLIPS PETROLEUM COMPANY
VENEZUELA LIMITED, et al.,

                Movants,

    -against-

GIRARD STREET INVESTMENT HOLDINGS
LLC,

                Respondent.
----------------------------------------------------------------X

25-MC-24 (JHR) (VF)

**OPINION AND ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Before the Court is the motion of Movant Phillips Petroleum Company Venezuela Limited and ConocoPhillips Company (collectively, the "ConocoPhillips Subpoena Recipients") to quash a subpoena issued to them by Respondent Girard Street Investment Holdings LLC ("Girard Street"). See ECF No. 1. For the reasons discussed herein, the motion to quash is **GRANTED**.

## BACKGROUND

Girard Street issued two subpoenas duces tecum under Federal Rule of Civil Procedure 45 to the ConocoPhillips Subpoena Recipients in November 2024. See ECF Nos. 1-2, 1-3. Each subpoena seeks documents related to a civil action commenced by Girard Street in this Court against PDV Holding, Inc. See Girard St. Inv. Hldgs. LLC v. PDV Hldg., Inc., No. 24-CV-04448 (JSR) (S.D.N.Y.). In that action, which is pending before the Honorable Jed S. Rakoff, Girard Street sued Petróleos de Venezuela, S.A. ("PDVSA"), PDVSA Petróleo S.A. ("Petróleo"), and PDVH Holding, Inc. ("PDVH"), claiming that PDVSA and Petróleo defaulted on their obligations under certain promissory notes and seeking turnover of PDVH's assets in the United

States on the theory that PDVH is the alter ego of PDVSA. See ECF No. 116 at 2-3.[1] The ConocoPhillips Subpoena Recipients are not parties to that action. Rather, the ConocoPhillips Subpoena Recipients are creditors of PDVSA and the Republic of Venezuela and have obtained judgments against PDVSA and the Republic which are secured by writs of attachment on the shares of PDVH, the parent of the CITGO refinery companies. See ECF No. 1-1 at 3-4.

Girard Street has apparently served at least 30 non-party subpoenas as of November 25, 2024. ECF No. 1-1 at 5. Amongst those who have been served with a subpoena are the following PDVH subsidiaries: Citgo Holding, Inc., Citgo Petroleum Corp., PDV USA, Inc., and PDV Chalmette, LLC. Id. Those four entities, who are also non-parties to the Girard Street action pending before Judge Rakoff, moved to quash the subpoenas. See Girard St. Inv. Hldgs. LLC v. Petróleos de Venezuela, S.A., No. 23-CV-10772 (JSR), No. 24-CV-04448 (JSR), 2024 WL 4837277, at *1 (S.D.N.Y. Nov. 20, 2024). Judge Rakoff granted the motion, concluding that the subpoenas were overbroad and had "little apparent relevance to the case in front of this Court." Id.

The ConocoPhillips Subpoena Recipients likewise argue here that the two subpoenas seek documents relating to Girard Street's claim that PDVH and PDVSA are alter egos, and thus seek information from non-parties that is more appropriately sought from the named parties in the Girard Street action. ECF No. 1-1 at 7. Further, the ConocoPhillips Subpoena Recipients argue that the subpoena requests are overbroad in time period and scope. Id. at 8. Lastly, Phillips Petroleum Company Venezuela Limited argues that the subpoena should be quashed for

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") at ECF No. 116 and ECF No. 1-1 are to the original pagination in those documents. The page numbers referenced herein for citations to ECF No. 1-2 and ECF No. 1-3 are to the ECF-generated pagination.

2

improper service, and ConocoPhillips Company contends that it is not a proper target of discovery because it is the parent company of a creditor of PDVSA and the Republic and is not itself a creditor of either of those entities. Id. at 9-10.

The ConocoPhillips Subpoena Recipients filed their motion to quash the Rule 45 subpoenas on December 2, 2024. ECF No. 1. The motion was referred to the undersigned on January 15, 2025. ECF No. 22. On January 21, 2025, the undersigned issued an order setting February 4, 2025, as the deadline by which Respondent Girard Street could oppose the motion to quash. That date has passed, and Girard Street has not filed an opposition or otherwise sought an extension of time to do so. The motion to quash is thus unopposed.

## **DISCUSSION**

Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony. See Fed. R. Civ. P. 45(a). The Rule requires that the issuing party "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Thus, "[t]he party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case[.]" Cohen v. Grp. Health Inc., No. 22-MC-0200 (PAE) (KHP), 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (alteration added). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." Weihai Lianqiao Int'l Coop Grp. Co., Ltd. v. A Base IX Co. LLC, No. 21-CV-10753 (DEH), 2024 WL 3498850, at *1 (S.D.N.Y. July 22, 2024) (internal quotation marks omitted) (citing Sec. & Exch. Comm'n v. Archer, No. 16-CV-3505 (WHP), 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018)). Whether the

requested information can be obtained from the parties themselves is another factor that courts consider in determining undue burden. Id.; see also Athalonz, LLC v. Under Armour, Inc., No. 24-MC-0047 (DEH), 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45." Athalonz, 2024 WL 1555685, at *2 (alteration in original and internal quotation marks omitted) (quoting Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 69 (S.D.N.Y. 2020)). Motions to quash a subpoena are "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks and citation omitted).

As an initial matter, the subpoena issued to Phillips Petroleum Company Venezuela Limited does not appear to have been properly served on that entity. Under Rule 45, service of the subpoena must be made by "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Where the subpoena is directed at a corporation, rather than a natural person, service "may be made by using the analogous method for service of process on that entity under Rule 4." GMA Accessories, Inc. v. Eminent, Inc., No. 07-CV-3219 (LTS) (DF), 2007 WL 4456009, at *1 (S.D.N.Y. Dec. 11, 2007) (quoting 9 James Wm. Moore, Moore's Federal Practice, § 45.21(1) (3d ed. 2007)); see also In re Newbrook Shipping Corp., 31 F.4th 889, 896-97 (4th Cir. 2022) (noting that "to satisfy Rule 45's mandate of 'delivering a copy to the named person' when the 'person' is a corporation, there must be delivery to an appropriate agent, as identified by Rule 4(h)"). Under Federal Rule of Civil Procedure 4, a corporation may be served through "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

4

The notice of service filed on the docket indicates that the subpoena was served in Delaware. See ECF No. 1-2 at 2. But Phillips Petroleum Company Venezuela Limited indicates that it is a Bermuda company and does not have a registered agent for service of process in Delaware. See ECF No. 1-1 at 9. Additionally, it appears from the notice of service that the subpoena may have been served in Delaware on the registered agent for Phillips Petroleum Company, which is not the same entity as Phillips Petroleum Company Venezuela Limited, to whom the subpoena is directed. Id.

Regardless, even if the subpoenas were properly served on the ConocoPhillips Subpoena Recipients, the recipients are correct that the subpoenas are unduly burdensome and overbroad. First, the non-party status of the ConocoPhillips Subpoena Recipients is "significant in determining whether compliance with a discovery demand would constitute an undue burden." Solarex Corp. v. Arco Solar, Inc., 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (internal quotation marks and citation omitted). Here, the non-part status of the ConocoPhillips Subpoena Recipients weighs heavily in favor of finding that the broad document requests in the subpoenas are unduly burdensome.

Moreover, Judge Rakoff already concluded that similar subpoenas served by Girard Street on non-party subsidiaries of PDVH were overbroad and sought information with "little apparent relevance to the case in front of th[e] Court." Girard Str. Inv. Hldgs. LLC, 2024 WL 4837277, at *1. As Judge Rakoff explained, "[t]o the extent Girard Street seeks discovery regarding the alleged alter ego relationship between PDVSA and PDVH, those documents should be readily obtainable in discovery from PDVSA or PDVH." Id. Here, too, the subpoenas served on the ConocoPhillips Subpoena Recipients seek information to support an alleged alter ego theory, which, as Judge Rakoff noted, should be obtained from PDVSA or PDVH. Compare ECF

5

No. 1-2 at Requests Nos. 1, 2, 4-8, 12, 14 with ECF No. 63-1 in No. 24-CV-04448 at Requests Nos. 29-31, 35, 38-45, 47-48. And, the fact that the documents Girard Street seeks from the ConocoPhillips Subpoena Recipients "are likely available from other sources"—namely, PDVSA or PDVH—further weighs in favor of the request to quash the subpoenas. Athalonz, 2024 WL 1555685, at *3 (internal quotation marks and citation omitted).

Additionally, the subpoenas served on the ConocoPhillips Subpoena Recipients are overbroad in scope and time period. Many requests seek "all documents and communications" without a time limitation (see, e.g., ECF No. 1-1 at Requests Nos. 1-2, 6-7, 9, 14-22), and even for the requests where a time limit is provided, the time period spans decades (id. at Requests Nos. 4-5, 8, 10-13 (seeking "all documents and communications" since "2000")). Courts have quashed document requests as overbroad where the requests have no limitation as to the relevant time period. See Hofmann v. Schiavone Contracting Co. LLC, No. 11-CV-2346 (CBA), 2012 WL 12925828, at *2 (E.D.N.Y. Nov. 8, 2012) (concluding that document requests in Rule 45 subpoena were "overly broad on their face" where they were "not limited in time"); Athalonz, 2024 WL 1555685, at *3 (noting that requests that were not limited by time were "indiscriminately broad").

Lastly, Girard Street issued a subpoena to ConocoPhillips Company. See ECF No. 1-3. ConocoPhillips Company, however, is not a creditor of PDVSA or the Republic of Venezuela; it is the parent company of four subsidiaries that are creditors of PDVSA and/or the Republic of Venezuela. See ECF No. 1-1 at 10. Given that the documents sought by the subpoena are likely to be in the possession, custody, and control of the subsidiaries of ConocoPhillips Company (as creditors of PDVSA and/or the Republic of Venezuela), it is Girard Street's burden to demonstrate that ConocoPhillips Company "has the practical ability to obtain the documents in

6

issue." <u>In re Vivendi Universal, S.A. Sec. Litig.</u>, No. 02-CV-5571 (RJH) (HBP), 2009 WL 8588405, at *3 (S.D.N.Y. July 10, 2009) (explaining that "[w]here the corporations in issue have a parent-subsidiary relationship, access and ability to obtain documents have been found where documents ordinarily flow freely between parent and subsidiary") (internal quotation marks and citations omitted) (cleaned up). There is no factual basis upon which to determine whether ConocoPhillips Company, as a parent of the subsidiaries, has the practical ability to obtain the requested documents, given that Girard Street did not respond to the motion to quash. In any case, the Court need not reach this issue because, as already explained, the subpoenas are unduly burdensome and overbroad.

## **CONCLUSION**

For the reasons indicated herein, the motion to quash is **GRANTED**. The Clerk of Court is respectfully directed to terminate motion at ECF No. 1.

DATED:     New York, New York
           March 11, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge